UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ANDREW ELLIOTT, )
 )
        Plaintiff, )
 )
        v. ) No. 4:06CV01381 ERW
 )
SOCIAL SECURITY ADMINISTRATION, )
et al., )
 )
        Defendants. )

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Andrew Elliott for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v.

Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff seeks monetary relief in this action against defendants Social Security Administration ("SSA") and VA Medical Center.

Liberally construing the complaint, it appears that plaintiff is attempting to assert a claim against SSA for denying him disability benefits; however, even affording the complaint a liberal construction, the Court is unable to ascertain the precise nature of plaintiff's claims.[1] Moreover, to the extent that

---

[1] The Court notes plaintiff previously filed an action against defendants Social Security Administration and VA Medical Center, and that the action was dismissed on September 7, 2006, as legally frivolous and/or for failure to state a claim. See

2

plaintiff is attempting to assert a claim under 42 U.S.C. § 405(g), the action is legally frivolous, because plaintiff does not allege, nor does it appear, that he has exhausted his administrative remedies, a prerequisite to seeking judicial review of the denial of social security disability benefits. See 42 U.S.C. §§ 405(g), 1383(c)(3). Furthermore, the proper party-defendant would not be SSA, but rather, Jo Anne B. Barnhart, Commissioner of Social Security. See 20 C.F.R. § 422.210(d).

Regarding defendant VA Medical Center, plaintiff alleges "[negligence], malpractice, [and] attempted assassination with medicine." Again, however, the complaint fails to contain a short and plain summary of facts sufficient to give fair notice of the claim asserted. See Means v. Wilson, 522 F.2d 833, 840 (8th Cir. 1975). Furthermore, to the extent that plaintiff is attempting to assert a claim for damages under the Federal Tort Claims Act for injuries he sustained while being treated at the VA Medical Center, the claim must be dismissed. Plaintiff does not allege that he has presented his claim to the appropriate administrative federal agency, and that said agency has either denied the claim or failed to act upon it for six months. See 28 U.S.C. § 2675. This requirement is jurisdictional and may not be waived. Borntrager v. Stevas, 772 F.2d 419, 421 (8th Cir. 1985).

In accordance with the foregoing,

---

Elliott v. Social Security Administration, No. 4:06-CV-947-ERW (E.D.Mo.)

3

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #1] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and/or fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

So Ordered this 15th Day of December, 2006.

_____
**E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE**